[Cite as *State v. Hill*, 2019-Ohio-158.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                         Court of Appeals No. WM-18-002

    Appellee                                     Trial Court No. CRB1701310A

v.

Benjamin D. Hill                                 **DECISION AND JUDGMENT**

    Appellant                                    Decided:  January 18, 2019

* * * * *

Rhonda Fisher, City Attorney, and Stacey S. Stiriz, for appellee.

Clayton M. Gerbitz, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a January 9, 2018 judgment of the Bryan Municipal Court, Williams County, Ohio, convicting appellant on one count of resisting arrest, in violation of R.C. 2921.33, a misdemeanor of the second degree.

**{¶ 2}** Appellant was sentenced to a suspended 90-day term of incarceration, a $250 fine, court costs, and restitution. For the reasons set forth below, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this decision.

**{¶ 3}** Appellant, Benjamin D Hill, sets forth the following assignment of error:

I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA BY FAILING TO COMPLY WITH CRIM.R. 11(E).

**{¶ 4}** The following undisputed facts are relevant to this appeal. On December 22, 2017, appellant was charged in the Bryan Municipal Court with one count of resisting arrest, in violation of R.C. 2921.33, a misdemeanor of the second degree. In addition, appellant was charged with a fifth-degree felony vandalism offense.

**{¶ 5}** On January 9, 2018, the trial court issued a journal entry finding appellant guilty on the misdemeanor resisting arrest offense, and sentencing appellant on that offense in the manner as set forth above.

**{¶ 6}** Notably, no transcript or other forms of evidence reflecting the events of January 9, 2018, are present in this case. There is no evidence regarding what transpired other than the perfunctory sentencing entry.

**{¶ 7}** The sole transcript of proceedings contained in the record in this case is of the initial December 22, 2017 trial court hearing. The transcript of that brief proceeding reflects insolent conduct by appellant resulting in trial court agitation.

2.

{¶ 8} The transcript reflects that in response to a preliminary inquiry of the trial court appellant stated, "I'm not really sure what to do, man. Nah, I'm good man." The trial court responded, "I'm not your man!" Appellant retorted, "I don't care who you think you are." The trial court went on to exclaim, "I don't have to take your attitude! I get a little more respect than what you're giving me."

{¶ 9} The trial court ultimately released appellant on a recognizance bond and set the matter for further hearing. Notably, no further transcripts exist in this case.

{¶ 10} The record contains a cursory judgment entry issued on January 9, 2018, in which the trial court finds appellant guilty on the resisting arrest offense and sentences appellant on that case. No transcript exists of that hearing. No other evidence reflecting what did or did not occur on January 9, 2018, is contained in the record.

{¶ 11} On January 29, 2018, this appeal ensued. On June 13, 2018, counsel for both parties filed a joint statement to this court in this case conveying in relevant part, "The state was present but cannot provide this court with any significant details regarding the plea hearing on January 9, 2018." The joint statement concluded, "The state concedes that without a transcript, there is no way for the state to prove or disprove that an appropriate colloquy occurred * * * the state consents that [appellant's] pleas should be reversed and remanded."

{¶ 12} In the sole assignment of error, appellant maintains that the trial court did not comply with Crim.R. 11(E) in connection to the January 9, 2018 hearing and

3.

sentencing judgment. Appellee's brief to this court concurs in that assessment of this case.

{¶ 13} Crim.R. 11(E) establishes that a trial court, "[S]hall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."

{¶ 14} As applied to the instant case, the record reflects and the parties concur, that there is no evidence or indicia of any kind that the trial court adhered to Crim.R. 11(E) prior to the January 9, 2018 conviction and sentencing of appellant on one misdemeanor count of resisting arrest. On the contrary, there is no transcript of that proceeding or any other evidence reflecting what transpired.

{¶ 15} Wherefore, we find appellant's assignment of error to be well-taken. The judgment of the Bryan Municipal Court is hereby reversed.

{¶ 16} This case is remanded to the trial court for further proceedings consistent with this decision. The costs of this appeal are assessed to appellee pursuant to App.R. 24.

Judgment reversed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                         JUDGE

Thomas J. Osowik, J.

                                                _____
Christine E. Mayle, P.J.                              JUDGE
CONCUR.

                                                _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.